IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION


MELISSA OZMORE,                                    Case No. 3:24-cv-02097-AP

                Plaintiff,                    **OPINION & ORDER**

    v.

PORTLAND PUBLIC SCHOOL DISTRICT, 1J,

                Defendant.
_____

POTTER, United States Magistrate Judge:

Plaintiff Melissa Ozmore brings this appeal of an Administrative Law Judge's decision dismissing her amended complaint with prejudice. First Am. Compl., ECF No. 11 (FAC). Plaintiff argues that the dismissal with prejudice was disproportionate. FAC 5–8. Defendant Portland Public School District moves for summary judgment. Def.'s Mot., ECF No. 20. All parties have consented to jurisdiction by a United States Magistrate Judge. ECF No. 27. Because this Court does not have subject matter jurisdiction, Defendant's motion is GRANTED, and this case is dismissed.

## BACKGROUND

The Individuals with Disabilities Education Act (IDEA) guarantees a free, appropriate education for individuals with disabilities. 20 U.S.C. § 1400 *et seq*. Plaintiff Melissa Ozmore is the parent of Student in the Portland Public School District (PPS). FAC ¶ 10. Student is a person with disabilities who qualifies for special education services under the IDEA. FAC ¶ 8. In June 2024, PPS informed Plaintiff of a plan to change Student's placement to a different school for the 2024-2025 school year. Burris Decl. ¶ 3, Ex. 1. Plaintiff did not agree with that plan and on

PAGE 1 – OPINION & ORDER

August 27, 2024, Plaintiff, proceeding pro se, filed a request for due process hearing with the Oregon Department of Education that appeared to challenge that decision.[1] FAC ¶ 11. Defendant challenged the sufficiency of the complaint. FAC ¶ 12. The ALJ granted Defendant's Motion on September 13, 2024, but granted Plaintiff leave to file an amended complaint by Friday, September 27, 2024. FAC Ex. 2, at 9.

The ALJ's order granting leave to amend did not specify a time that the amended complaint was due by. *Id.* Plaintiff sent an email on September 27, attempting to clarify whether the amended complaint was due at 5:00 p.m. or midnight, but did not receive a response. Plaintiff ultimately filed the amended complaint at 1:06 a.m. on Saturday, September 28, 2024. FAC ¶ 13.

On October 4, 2024, the ALJ dismissed Plaintiff's request for a due process hearing with prejudice because it was untimely.[2] FAC Ex. 1, at 2. The ALJ took judicial notice of the OAH's hours of operation and explained that the complaint was filed after that time. Burris Decl. ¶ 9, Ex. 7 at 1. Plaintiff sent a letter to the ALJ in which she did not dispute OAH's hours but provided additional reasons for why the amended complaint was late. Burris Decl. ¶ 10, Ex. 8. The ALJ issued a follow up letter explaining that the opportunity to amend an insufficient complaint is discretionary and declined to change the dismissal to without prejudice because that would "effectively result in the acceptance of the untimely filed amended complaint and obviate the filing requirements established in rule or by the ALJ." Burris Decl. ¶ 11, Ex. 9 at 3. Plaintiff appealed the dismissal to federal court.

---

[1] The Original Complaint and accompanying timeline were over 130 pages long. After the Complaint was filed, PPS offered to allow Student to attend his original high school. Plaintiff declined; Student did not return to PPS until February 2025 when Plaintiff enrolled them in a different high school. Buno Decl. ¶ 5, ECF No. 22.

[2] The ALJ dismissed the amended complaint *sua sponte* before Defendant responded or challenged the sufficiency.

PAGE 2 – OPINION & ORDER

**DISCUSSION**

The IDEA provides certain procedural safeguards for children and their parents to ensure that a disabled child receives the free and appropriate education provided by statute. 20 U.S.C. § 1415; *see also Bd. of Educ. of Hendrick Hudson Cent. Sch. Dist., Westchester Cnty. v. Rowley*, 458 U.S. 176, 188-89 (1982). The statute provides the student with an Individualized Education Plan (IEP) that details the comprehensive education plan for that student. 20 U.S.C. §§ 1401(14), 1414. This is developed following a comprehensive meeting that includes the parents, teacher(s), and members of the educational agency. 20 U.S.C. § 1414(d)(1)(B). The school must notify the parents of the child before it makes any change or refuses to make a requested change to the education plan for the child. 20 U.S.C. § 1415(b)(3). Parents who disagree with the proposal have the opportunity to file a due process complaint challenging the proposal. 20 U.S.C. §§ 1415(b)(6), (b)(7)(A).

When a parent files a due process complaint, it can be challenged for sufficiency. 20 U.S.C. § 1415(c)(A). If the opposing party challenges the sufficiency of the complaint, the hearing officer—which in Oregon is an ALJ—must then review the complaint; if it is not sufficient, it must be dismissed. 20 U.S.C. § 1415(c)(2)(D). A party may only file an amended complaint if the other party consents or the ALJ gives permission. 20 U.S.C. § 1415(c)(2)(E).

If a complaint is deemed sufficient, the parents have an opportunity for an "impartial due process hearing" before the ALJ. 20 U.S.C. § 1415(f). The result of the due process hearing is considered final except for certain rights to appeal. 20 U.S.C. § 1415(i)(1)(A). The IDEA act specifically provides that "[a]ny party aggrieved by the findings and decision made under

subsection (f) or (k)" may file a civil action in State or federal court. 20 U.S.C. § 1415(i)(2)(A). Subsection (f) provides the process for the impartial due process hearing.[3] 20 U.S.C. § 1415(f).

Defendant argues that the Court lacks jurisdiction over this case because the statute only provides for judicial review of a final decision following an impartial due process hearing pursuant to § 1415(f). Def.'s Mot. 10-11. And in this case, although Plaintiff made a request for a due process hearing, her original complaint was dismissed for lack of sufficiency pursuant to § 1415(c) and the amended complaint was dismissed as untimely. No due process hearing was ever held.

Defendant's argument is supported by the plain reading of the statute. "Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). The IDEA statute provides for limited jurisdiction in the federal courts to review the results of an impartial due process hearing. 20 U.S.C. § 1415(i); *M.M. v. Lafayette Sch. Dist.*, 681 F.3d 1082, 1087 (9th Cir. 2012) ("However, subsection (f) concerns due process hearings, and the only decision contemplated by the plain meaning of that subsection is the decision following the due process hearing."). There is no provision providing jurisdiction to review a sufficiency decision or a decision to dismiss a complaint based on procedural grounds. *Cf. M.E. ex rel. C.E. v. Buncombe Cnty. Bd. of Educ.*, 72 F. App'x 940, 942 (4th Cir. 2003) (concluding that because the ALJ dismissed complaint as untimely, district court did not have jurisdiction to review merits of the claim and directing district court to dismiss without prejudice). And this appears to be by design. The legislative history reflects that when a party challenges the sufficiency of a complaint, the

---

[3] Subsection (k), which is not relevant here, deals with placements in alternative educational settings. 20 U.S.C. § 1415(k).

hearing officer must "determine whether the due process complaint notice meets the statutory requirements. This determination shall be made on the face of the complaint. There should be no hearing or appeal in regard to the hearing officer's determination." S. Rep. 108-185, at 35 (2003).

Many district courts have found that they lack jurisdiction to review dismissals for insufficiency of due process complaints, no matter how troubling the facts below.[4] *G.R. ex rel. Russell v. Dallas Sch. Dist. No. 2*, No. CIV. 10-232-KI, 2010 WL 5232958, at \*8 (D. Or. Dec. 15, 2010) ("If there is no due process hearing, there are no findings and decision resulting from the hearing. As a consequence, there is no judicial review because judicial review is limited to findings and decisions resulting from due process hearings."); *Fernandez v. Elk Grove Unified Sch. Dist.*, No. 2:19-CV-00082-MCE-AC, 2020 WL 1532229, at \*4 (E.D. Cal. Mar. 31, 2020); *Knight v. Washington Sch. Dist.*, No. 4:09- CV-00566 ERW, 2010 WL 1909581, at \*4 (E.D. Mo. May 10, 2010), *aff'd*, 416 F. App'x 594 (8th Cir. 2011).

Despite the statutory language, the Ninth Circuit, in a footnote in the *M.M.* decision, commented that a complete dismissal would be reviewable. The Court explained that:

> We do not hold that an ALJ's order completely dismissing a due process complaint without a due process hearing would not give rise to a right of judicial review. If the ALJ completely dismisses the matter, the dismissal is final and judicially reviewable. However, that is not the situation before us. Likewise, we do not comment on what, if any, exceptions might be appropriate to our holding that a party must be aggrieved by the findings and decision of the ALJ *following* the due process hearing in order to bring suit under 20 U.S.C. § 1415(i). Like the exceptions to the final judgment rule, we believe any exceptions to our holding are better addressed when the circumstances which might give rise to an exception are present. No such circumstances are present here.

---

[4] Courts have also concluded that settling a case before the due process hearing occurs precludes judicial review. *S.B. by & through Kristina B. v. California Dep't of Educ.*, 327 F. Supp. 3d 1218, 1244 (E.D. Cal. 2018) (citing cases).

PAGE 5 – OPINION & ORDER

*M.M.,* 681 F.3d at 1090 n. 12. At least one District Court has relied on that footnote, even though it "was arguably dicta," to find that the court had subject matter jurisdiction to review the dismissal of the complaint. *Contra Oskowis v. Sedona Oak-Creek Unified Sch. Dist. #9*, No. CV-17-08070-PCT-DWL, 2019 WL 669792, at *4 (D. Ariz. Feb. 19, 2019). The question for this Court, then, is whether that decision binds this Court despite the fact that it appears inconsistent with the statutory language.

Courts "are not bound to follow . . . dicta in a prior case in which the point now at issue was not fully debated." *Parents Involved in Cmty. Schs. v. Seattle Sch. Dist. No. 1*, 551 U.S. 701, 737 (2007). A statement is considered dicta when it "is unnecessary to the decision in the case and [is] therefore not precedential." *Cetacean Cmty. v. Bush*, 386 F.3d 1169, 1173 (9th Cir. 2004). But dicta in a Ninth Circuit opinion may be binding on this Court if the panel "'confronts an issue germane to the eventual resolution of the case, and resolves it after reasoned consideration in a published opinion.'" *Id.* (citation omitted). In *M.M.*, the panel addressed the issue of whether a dismissed complaint was subject to judicial review in a footnote and made clear that that was not the issue before the court. As such, it is not binding.

Given that, this Court must follow the basic rule of statutory interpretation and "read the statute." *Cf. United States v. Engstrom,* 166 F.4th 835, 843 (9th Cir. 2026) (noting "the three 'basic rules of statutory interpretation': '(1) Read the statute; (2) read the statute; (3) read the statute!'" (citation omitted)). Based on the plain language of the statute, this Court's jurisdiction is limited to reviewing decisions of an ALJ after a due process hearing. That prevents review of the ALJ's dismissal of the complaint prior to a hearing. *But see Payne v. Peninsula Sch. Dist.*, 653 F.3d 863, 870 (9th Cir. 2011), *overruled by Albino v. Baca*, 747 F.3d 1162 (9th Cir. 2014) ("There is no restriction in this section on the subject matter jurisdiction of the federal courts.");

*K.I. v. Durham Pub. Schs. Bd. of Educ.*, 54 F.4th 779, 792 (4th Cir. 2022) ("The text of the IDEA does not signal a clear congressional intent to limit the jurisdiction of the courts.").[5]

Plaintiff's argument is that the ALJ's decision to dismiss the complaint with prejudice is disproportionate and does not comply with the Ninth Circuit's five-factor test for determining whether a dismissal for failure to comply with a court's order is appropriate and well-taken. Pl.'s Resp. 13, ECF No. 24 (citing cases). But the problem with that argument is that Plaintiff is asking this Court to overrule the State's application of its own procedural rules, not asking the Ninth Circuit to review this Court's application of the federal rules. An action under IDEA is "an original civil action" designed to evaluate whether a student receives a free and public education not an appeal designed to review actions taken in the state proceedings. *K.I.*, 54 F.4th at 789. Yet that is precisely what is being asked of the Court here; the Court would not be reviewing the application of the IDEA but rather the State's decision on how it implements its own rules, and a reversal would amount to this Court telling a State ALJ that it incorrectly following those rules. This implicates "principles of federalism" and counsels against reversing the ALJ's decision even if this Court would "have handled things differently." *K.I.,* 54 F.4th at 794 (declining to excuse failure to exhaust when State dismissed appeal based on failure to comply with procedural requirements). The Oregon Administrative Procedures Act, ORS 183.310 *et. seq.*, provides the framework for review of administrative decisions in state court. This Court does not

---

[5] In both *Payne* and *K.I.*, the courts' analysis focused on the IDEA's exhaustion requirement under § 1415(l), rather than the grant of jurisdiction under § 1415(i). Both courts held that the exhaustion requirement is not a jurisdictional bar, but rather an affirmative defense. *Payne*, 653 F.3d at 870; *K.I.*, 54 F.4th at 792. To the extent that *Payne* treated § 1415(i) as a grant of general jurisdiction, it was in the context of a case where a due process hearing occurred. That is not this case.

PAGE 7 – OPINION & ORDER

opine on whether Plaintiff has a vehicle to challenge the dismissal in state court, but nothing in the IDEA suggests district courts have the power to review these types of procedural decisions.

This is not an easy decision. By dismissing Plaintiff's amended complaint with prejudice, the ALJ effectively ended Plaintiff's opportunity to seek an impartial due process hearing on the issues raised in that complaint. *Wallace v. Holden*, 445 P.3d 914, 923 (Or. Ct. App. 2019) (holding that dismissal with prejudice generally has preclusive effect). But the ALJ was vested with discretion to determine whether to allow Plaintiff to amend their complaint as well as determine the remedy when Plaintiff failed to amend that complaint within the specified time. And a concern over this decision does not vest this Court—as opposed to the state courts— jurisdiction to review that decision. Plaintiff's contention that sanctioning her for a procedural violation resulted in the denial of a free, appropriate public education also does not change the language of the statute. And it is not borne out by the record. Upon the initial filing, Student was allowed the opportunity to remain at the original high school but declined and ultimately selected a new school to attend. Buno Decl. at ¶ 5. Plaintiff has also had the opportunity to file challenges on new issues. *See* 20 U.S.C. § 1415(o) ("Nothing in this section shall be construed to preclude a parent from filing a separate due process complaint on an issue separate from a due process complaint already filed.")

Because there was no due process hearing, Plaintiff was not "aggrieved by the findings and decision" of any such hearing and this Court does not have subject matter jurisdiction to hear this case.

**<u>CONCLUSION</u>**

Defendant's Motion for Summary Judgment (ECF No. 20) is GRANTED. This case is dismissed without prejudice.

IT IS SO ORDERED.


DATED this 21st day of April, 2026.

                                         /s/Amy E. Potter
                                        AMY E. POTTER
                                        United States Magistrate Judge